JS 44   (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Venkatraman Aiyer Priya

**DEFENDANTS**

Vanessa Kreckel, TPD Design House

**(b)** County of Residence of First Listed Plaintiff   DuPage, Illinois
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Delaware County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Arthur D. Goldman, Law Office of Arthur D. Goldman, LLC, P.O. Box 115, Paoli, PA 19301, 484-343-2856

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1333(a)

Brief description of cause:
Plaintiff made investment loans to Defendants, Defendants defaulted on repayments

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
November 7, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Wayne, Delaware County, Pennsylvania_

---

**RELATED CASE IF ANY:**   Case Number:_____   Judge:_____

1. Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?           Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify):*_____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):*_____
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* _Breach of Investment Contract_

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

_Counsel for Plaintiff_

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

Venkatraman Aiyer Priya

v.

Vanessa Krechel and TPD Design House, LLC

CIVIL ACTION

NO. 2:25-CV-06335

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 11/7/25 | Arthur D. Goldman | _(signature)_ |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| 484-343-2856 | 610-296-7730 | agoldman@arthur-goldmanlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VENKATRAMAN AIYER PRIYA**<br>924 Noel Court<br>Westmont, IL 60559 | : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : <br> : | NO. 2:25 - CV-06335 |
| v. | : <br> : | |
| | : | **JURY TRIAL DEMANDED** |
| **VANESSA KRECKEL**<br>607 King of Prussia Rd.<br>Wayne, PA 19087 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| **TPD DESIGN HOUSE**<br>607 King of Prussia Rd.<br>Wayne, PA 19087 | : <br> : <br> : <br> : | |
| Defendants | : | |

## COMPLAINT

Plaintiff Venkatraman Aiyer Priya ("Ms. Aiyer" or "Plaintiff") by and through her

attorneys, Law Office of Arthur D. Goldman, LLC, hereby files this Complaint against Vanessa

Kreckel ("Ms. Kreckel") and TPD Design House ("TPD" and, collectively, "Defendants") as

follows:

## PARTIES

1.      Plaintiff Venkatraman Aiyer Priya is an adult individual residing at 924 Noel

Court, Westmont, IL 60559.

2.    Defendant TPD Design House, LLC is a Domestic Limited Liability Company, formed and registered in the Commonwealth of Pennsylvania with a Business ID of 4275568, and has a principal place of business at 607 King of Prussia Road., Wayne, Pa 19087.

3.    Upon information and belief, Defendant Vanessa Kreckel is the sole owner and chief executive of TPD Design House, LLC, and Ms. Kreckel operates from the same business address as Defendant TPD.

## JURISDICTION AND VENUE

4.    Because the parties are citizens of different states and because the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs, this Court has original jurisdiction over this action on the bases of complete diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §1333(a).

5.    Venue is proper pursuant to 42 U.S.C. §1391 as the Defendant is a Pennsylvania business with its principal place of operations within Delaware County, Pennsylvania, and many of the facts and circumstances arose in this district.

## FACTUAL ALLEGATIONS

6.    Plaintiff Priya is an adult individual residing in Westmont, IL.

7.    Defendant TPD Design House, LLC is a Domestic Limited Liability Company that provides branding, web design, packaging, event planning, content creation, and other related services.

8.    Defendant Vanessa Kreckel owns and operates TPD Design House, LLC.

9.    In March 2024, Plaintiff Aiyer was introduced to Defendant Kreckel through a friend.

2

10. At the time of their introduction, Defendant Kreckel was seeking investors for Defendant TPD for both short-term and long-term "investments."

11. Defendant TPD had several projects that required funding, and the Defendants were offering a 5% to 10% monthly interest rate on invested capital.

12. Plaintiff wanted to invest in Defendant TPD and initially made several investments that were paid off by Defendant TPD.

13. After this, Defendant Kreckel offered new investment opportunities to Plaintiff.

14. Plaintiff agreed to transfer the Defendants multiple subsequent investments totaling Four Hundred Fifty Thousand Dollars ($450,000.00).

15. To facilitate Plaintiff's reimbursement for this money, the Defendants signed multiple Promissory Notes detailing interest and payment periods for the loan principal.

16. These Promissory Notes will be referred to as Note 1, Note 2, and Note 3 (collectively the "Notes"); this case deals with Note 2 and Note 3.

17. The first Promissory Note ("Note 1") was signed on November 3, 2024, for a principal amount of Two Hundred Thousand Dollars ($200,000.00), with a two-month term, and payment of the principal and interest was due on January 3, 2025. (A copy of Note 1 is attached as "Exhibit A").

18. Note 1 has a monthly interest rate of 5%, or Ten Thousand Dollars ($10,000.00) on the full principal.

19. Unpaid principal on the due date continued to accrue interest at a monthly rate of Ten Percent (10%) until paid.

20. The second Promissory Note ("Note 2") was signed on December 15, 2024, for a principal amount of Two Hundred Fifty Thousand Dollars ($250,000.00), with a forty-five-day

3

term, and payment of the principal and interest was due on January 31, 2025. (A copy of Note 2 is attached as "Exhibit B").

21.    Note 2 has a monthly interest rate of 10%, or Twenty-Five Thousand Dollars ($25,000.00) on the full principal.

22.    Because the repayment period lasted forty-five days, the interest accrued by the end of that period totaled Thirty-Seven Thousand Five Hundred Dollars ($37,500.00).

23.    Similar to Note 1, unpaid principal on the due date for Note 2 continued to accrue interest at a monthly rate of Ten Percent (10%) until paid.

24.    Per the terms of Note 2, all outstanding interest not received by the end of the repayment period incurred a 1% penalty which will continue to be applied to the open interest amount daily until paid.

25.    Plaintiff has not received any payments, of either interest or principal, on Note 2.

26.    Plaintiff continues to accrue unpaid interest and daily penalty fees on Note 2.

27.    As of the date of this filing, the total amount due to Plaintiff under Note 2 is Nine Hundred Fifty-One Thousand Two Hundred and Fifty Dollars ($951,250.00), consisting of Two Hundred Fifty Thousand Dollars ($250,000.00) in principal, Two Hundred Sixty-Two Thousand Five Hundred Dollars ($262,500.00) in unpaid interest and Four Hundred Thirty-Eight Thousand Seven Hundred and Fifty Dollars ($438,750.00) in daily penalties incurred.

28.    On January 3, 2025, the parties signed a new Promissory Note ("Note 3"), with a principal amount of Two Hundred and Ten Thousand Dollars ($200,000.00), to replace Note 1, because Defendant failed to repay all principal and interest due from Note 1, and Ten Thousand Dollars of unpaid interest from Note 1 transferred to Note 3 that was to be paid at the end of the term along with the principal balance. (A copy of Note 3 is attached as "Exhibit C").

4

29.    Note 3 includes a one-month repayment period that ended on the "Due Date" of February 3, 2025.

30.    Note 3 was understood to replace Note 1, delaying the date that extra penalties would be added to the terms of repayment.

31.    Plaintiff has not received any payments, toward either principal or interest, on Note 3.

32.    Plaintiff continues to accrue unpaid interest and daily penalty fees on Note 2.

33.    Per the terms of Note 3, all outstanding interest not received by the end of the repayment period, incurred a 1% penalty which will continue to be applied to the open interest amount daily until paid.

34.    As of the date of this filing, the total amount due to Plaintiff under Note 2 is Six Hundred and Ninety-Seven Thousand Dollars ($697,000.00), consisting of $210,000.00 in principal/carryover interest, One Hundred Ninety Thousand Dollars ($190,000.00) in unpaid interest and Two Hundred and Ninety-Seven Thousand Dollars ($297,000.00) in daily penalties.

35.    Notes 2 and 3 each include a clause stating that if the principal payment is not received by the Due Date, the Lender reserves the right to a Ten Percent (10%) equity stake in TPD Design House while still collecting the payment and interest due in this note.

36.    Cumulatively, under Notes 2 and 3, because the principal payment was not made at the Due Date, Plaintiff has the right to a Twenty Percent (20%) equity stake in TPD Design House.

37.    The Notes also include a clause for the acceleration of debt, stating that debts included in the Notes that are not paid when due shall become due immediately at the option of Plaintiff Aiyer.

5

38.     Additionally, in Clause III of each of the Notes, the Defendants agreed to pay "all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process."

39.     As of the date of this filing, total damages incurred by Plaintiff for Notes 2 and 3 are as follows: The resultant direct damages Plaintiff Aiyer incurred as a result of the Defendants' failure to fulfill the Notes are:

   a.  Note 2: $951,250.00

   b.  Note 3: $697,000.00

   c.  Attorneys' fees and court costs

**TOTAL DAMAGES: $1,648,250.00**

40.     In addition, interest and daily penalties continue to accrue and damages will require to be updated at the time of resolution of this matter.  (A calculation of damages is attached as "Exhibit D").

41.     In addition, a valuation of TPD Design House shall be necessary to determine the monetary equivalent of a Twenty Percent (20%) stake.

### COUNT I--BREACH OF CONTRACT

42.     Plaintiff hereby incorporates by reference Paragraphs 1 through 41 above as though fully set forth herein.

43.     The three elements of a breach of contract claim in Pennsylvania are as follows:

   i.   the existence of a valid contract, including its essential terms;

   ii.  a breach of a duty imposed by the contract; and

   iii. resultant damages

6

*See Kowalski v. TOA PA V, L.P.*, 206 A.3d 1148, 1159 (Pa. Super. 2019), *rearg. denied,* (May 22, 2019) (citation omitted).

44.     Plaintiff executed multiple investment agreements / promissory notes with Defendants.

45.     Plaintiff made multiple investments with the Defendants, which satisfied Plaintiff's obligation under those agreements.

46.     Plaintiff expected repayment under the terms and conditions set forth in the promissory notes.

47.     Plaintiff invested based on representations from Defendant Kreckel that the monies were being used to fund short- and long-term projects with TPD that would yield a return on investment.

48.     The Defendants signed the Notes, which included terms for repayment of Plaintiff's investment.

49.     Defendant(s) have failed to perform the obligations under the terms of the investment agreement/promissory Notes 2 and 3.

50.     Despite repeated notices and demands from Plaintiff Aiyer, the Defendants have not fulfilled the terms of the Notes.

51.     In so doing, Defendants have engaged in a pattern of bad faith behavior and intentional avoidance.

52.     Defendants breached the terms of the agreements with the Plaintiff by failing to pay the full amount of interest as stipulated under Notes 2 and 3, as well as repaying the principle investment.

7

53. Plaintiff is entitled to repayment of principal, accrued unpaid interest, daily penalties incurred, and a payment equivalent to 20% of the value of TPD Design House.

54. Defendants have engaged in bad faith behavior and also breached the implied covenant of good faith and fair dealing.

55. In Clause III of the Notes, Defendants committed to paying "all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process."

56. As a result of the Defendants' actions, Plaintiff Aiyer sustained the loss of her principal investment of Four Hundred and Fifty Thousand Dollars ($450,000.00), the accrued unpaid interest due on the principal investment, daily penalties on unpaid interest, plus attorneys' fees and related litigation costs and other damages to be established at the trial of this matter.

WHEREFORE, Plaintiff demands judgment in her favor against defendants for:

(1) Compensatory damages;

(2) Additional consequential damages, including a payment equivalent to 20% of the value of TPD Design House;

(3) Fees and court costs including attorneys' fees; and

(4) Such other and further relief as this Court deems appropriate.

## COUNT II—UNJUST ENRICHMENT

57. Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above as if set forth at length herein.

8

58.    In the alternative, with respect to the payments made by the Plaintiff without the Defendants repaying the Plaintiff as per the Notes, Defendants have received a significant unjust enrichment to the detriment of the Plaintiff.

59.    The three elements of unjust enrichment in Pennsylvania are:

  i.    the plaintiff conferred benefits upon the defendant;

  ii.    the defendant realized those benefits; and

  iii.    the defendant accepted and retained the benefits under circumstances in which it would be inequitable for it to retain them without payment of value. *See Schenck v. K.E. David, Ltd.*, 666 A.2d 327 (Pa. Super. 1995).

60.    Plaintiff Aiyer transferred the Defendants $450,000.00 in investment capital expecting it to be repaid as per the Notes.

61.    The Defendants accepted that capital while making commitments via the Notes to repay that capital.

62.    Because the benefits conferred by the Plaintiff were received and retained by the Defendants for the benefit of TPD Design House, it would be unconscionable for the Defendants to receive the benefit of Plaintiff's payments and retain those funds.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant for:

  (1) Compensatory damages of $450,000.00;

  (2) Additional consequential damages;

  (3) Such other and further relief as this Court deems appropriate.

## COUNT III—FRAUD

63.    Plaintiff incorporates the allegations contained in paragraphs 1 through 62 by reference as if set forth at length herein.

64.    The six elements of fraud in Pennsylvania are:

    i.    a representation;

    ii.    which is material to the transaction at hand;

    iii.    made falsely, with knowledge of its falsity, or recklessness as to whether it is true or false;

    iv.    with the intent of misleading another into relying on it;

    v.    justifiable reliance on the misrepresentation; and

    vi.    the resulting injury was proximately caused by the reliance.

*See Bortz v Noon*, 729 A.2d 555, 561-62 (Pa 1999).

65.    In this case, the Defendants made the representations that they would repay the investments made by Plaintiff Aiyer.

66.    These representations were made to induce the $450,000.00 investment in TPD Design House by Plaintiff Aiyer.

67.    The Defendants made the representations with recklessness, as they had knowledge that they very likely would not be able to make the payments under the Notes.

68.    The misleading actions of the Defendants were deliberate, malicious, and calculated to enrich the Defendants at the expense of the Plaintiff.

69.    Plaintiff Aiyer reasonably relied on the misrepresentations, having seen previous investments repaid by the Defendants and being told that the investments would be used to fund new, profitable projects by TPD Design House.

70.     As a result of her reliance on this misrepresentation, Plaintiff Aiyer has sustained monetary damages of $450,000.00 plus interest.

71.     Defendants' conduct is both shocking and outrageous, especially considering the amount of money that they convinced Plaintiff to invest.

72.     Defendants' conduct warrants the imposition of punitive damages in an amount this Court feels is warranted in relation to Defendant's actions.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants for:

(1)     Compensatory damages;

(2)     Additional consequential damages;

(3)     Punitive damages;

(4)     Fees and court costs; and

(5)     Such other and further relief as this Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff hereby makes their request for a jury trial for all claims raised in this action.

Respectfully submitted,

Arthur D. Goldman, Esquire
Attorney I.D. 56983
Ethan Quirin, Esquire
Attorney I.D. No. 91974
Law Office of Arthur D. Goldman,
LLC
P.O. Box 115
Paoli, PA 19301
(484) 343-2856

Dated:  November 7, 2025

11

# EXHIBIT A

# PROMISSORY NOTE

Amount: $200,000.00
Date: November 3, 2024 - 2 month note

For value received, the undersigned Vanessa D Kreckel and TPD Design House (the "Borrowers"), at 607 King Of Prussia Rd, Wayne, Pennsylvania 19087, promises to pay to the order of Priya Aiyer, at 924 Noel CT Westmont, Illinois (the "Lender"), the sum of $200,000.00 as a receivables purchase agreement. Interest payments of $10,000 (5% per month will be paid on the 3rd of each month. A payment of $200,000 will be made on the 3rd of January, 2025. *If interest is not received by the due date, a 1% penalty will be applied to the open interest amount daily until paid. The interest of 10% per MONTH is calculated on a calendar month and will be prorated accordingly if paid sooner than said month.*

## I. TERMS OF REPAYMENT

### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 10% monthly until paid. If principle payment is not received by the Due Date (November 3, 2024.) the Lender reserves the right to a 10% equity stake in TPD Design House while still collecting the payment and interest due in this note.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:
1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors; 6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Pennsylvania.

## VIII. SIGNATURES

This Note shall be signed by Vanessa D Kreckel both personally and on behalf of TPD Design House.

IN WITNESS WHEREOF, this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 1st day of November 2024 at 163 E. Lancaster Avenue, Wayne, PA 19087.

By: _____
Vanessa D Kreckel / TPD Design House

By: _____
Vanessa D. Kreckel

# EXHIBIT B

# PROMISSORY NOTE

Amount: $250,000.00 - 45 day note
Date: December 15, 2024

For value received, the undersigned Vanessa D Kreckel and TPD Design House (the "Borrowers"), at 607 King Of Prussia Rd, Wayne, Pennsylvania 19087, promises to pay to the order of Priya Aiyer, at 924 Noel CT Westmont, Illinois (the "Lender"), the sum of $250,000.00 as a receivables purchase agreement. A principal payment of 250,000 will be made on January 31, 2025. Interest payment of $37,500 will be made on January 31, 2025. *If interest is not received by the due date, a 1% penalty will be applied to the open interest amount daily until paid. The interest of 10% per MONTH is calculated on a calendar month and will be prorated accordingly if paid sooner than said month.*

## I. TERMS OF REPAYMENT

### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 10% monthly until paid. If principle payment is not received by the Due Date (January 31, 2025) the Lender reserves the right to a 10% equity stake in TPD Design House while still collecting the payment and interest due in this note.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:
1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors; 6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Pennsylvania.

## VIII. SIGNATURES

This Note shall be signed by Vanessa D Kreckel both personally and on behalf of TPD Design House.

IN WITNESS WHEREOF, this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 15th day of December 2024 at 163 E. Lancaster Avenue, Wayne, PA 19087.

By: _____

Vanessa D Kreckel / TPD Design House

By: _____

Vanessa D. Kreckel

# EXHIBIT C

# PROMISSORY NOTE

Amount: $200,000.00
Date: January 3, 2025

For value received, the undersigned Vanessa D Kreckel and TPD Design House (the "Borrowers"), at 607 King Of Prussia Rd, Wayne, Pennsylvania 19087, promises to pay to the order of Priya Aiyer, at 924 Noel CT Westmont, Illinois (the "Lender"), the sum of $200,000.00 as a receivables purchase agreement. A payment of $210,000 will be made on the 3rd of February, 2025. *If interest is not received by the due date, a 1% penalty will be applied to the open interest amount daily until paid. The interest of 10% per MONTH is calculated on a calendar month and will be prorated accordingly if paid sooner than said month.*

## I. TERMS OF REPAYMENT

### A. Payments

Unpaid principal after the Due Date shown below shall accrue interest at a rate of 10% monthly until paid. If principle payment is not received by the Due Date (February 3, 2025.) the Lender reserves the right to a 10% equity stake in TPD Design House while still collecting the payment and interest due in this note.

### B. Application of Payments

All payments on this Note shall be applied first in payment of accrued interest and any remainder in payment of principal.

### C. Acceleration of Debt

If any payment obligation under this Note is not paid when due, the remaining unpaid principal balance and any accrued interest shall become due immediately at the option of the Lender.

## II. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Any such prepayment shall be applied against the installments of principal due under this note in the inverse order of their maturity and shall be accompanied by payment of accrued interest on the amount prepaid to the date of prepayment.

## III. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## IV. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:
1) the failure of the Borrower to pay the principal and any accrued interest when due;

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors; 6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

## V. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VI. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Pennsylvania.

## VIII. SIGNATURES

This Note shall be signed by Vanessa D Kreckel both personally and on behalf of TPD Design House.

IN WITNESS WHEREOF, this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 3rd day of January 2025 at 163 E. Lancaster Avenue, Wayne, PA 19087.

By: _____

Vanessa D Kreckel / TPD Design House

By: _____

Vanessa D. Kreckel

# EXHIBIT D

**Aiyer Investment - TPD Design House**
**Calculation of Damages**

| Note #2 | | Note #3 | |
|---|---|---|---|
| Principal Amount | $250,000.00 | Principal Amount | $ 200,000.00 |
| Start date | 12/15/2024 | Start date | 1/3/2025 |
| End of initial term | 1/31/2025 | End of initial term | 2/3/2025 |
| 1st Interest payment due | $ 37,500.00 | 1st Interest payment due 2/3/25 | $ 10,000.00 |
| Accrual of interest | 10% per month | Accrual of interest | 10% per month |
| Penalty - accrued interest | 1% daily | Penalty - accrued interest | 1% daily |
| Assume avg # days per m | 30 | | |

INTEREST & PENALTY ACCRUAL

| Month # | Month/Year | Monthly Interest Owed | | Accrued Interest | | Daily Penalty Incurred during Month | | TOTAL OWED, Notes 2 & 3 |
|---|---|---|---|---|---|---|---|---|
| | | Note #2 | Note #3 | Note #2 | Note #3 | Note #2 | Note #3 | |
| 1 | 2/1/2025 | $ 37,500.00 | $ 10,000.00 | $ 37,500.00 | $ 10,000.00 | $ - | $ - | |
| 2 | 3/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 62,500.00 | $ 30,000.00 | $ 18,750.00 | $ 9,000.00 | |
| 3 | 4/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 87,500.00 | $ 50,000.00 | $ 26,250.00 | $ 15,000.00 | |
| 4 | 5/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 112,500.00 | $ 70,000.00 | $ 33,750.00 | $ 21,000.00 | |
| 5 | 6/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 137,500.00 | $ 90,000.00 | $ 41,250.00 | $ 27,000.00 | |
| 6 | 7/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 162,500.00 | $ 110,000.00 | $ 48,750.00 | $ 33,000.00 | |
| 7 | 8/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 187,500.00 | $ 130,000.00 | $ 56,250.00 | $ 39,000.00 | |
| 8 | 9/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 212,500.00 | $ 150,000.00 | $ 63,750.00 | $ 45,000.00 | |
| 9 | 10/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 237,500.00 | $ 170,000.00 | $ 71,250.00 | $ 51,000.00 | |
| 10 | 11/1/2025 | $ 25,000.00 | $ 20,000.00 | $ 262,500.00 | $ 190,000.00 | $ 78,750.00 | $ 57,000.00 | |
| | TOTALS, as of date of Filing | | | $ 262,500.00 | $ 190,000.00 | $ 438,750.00 | $ 297,000.00 | $ 1,638,250.00 |

$ 10,000.00  Interest carry-over from Note 1

TOTAL $ 1,648,250.00